STATE EX REL. PATRICK J. CORCORAN v. DISTRICT COURT OF MARTIN COUNTY.[1]

January 3, 1936.

No. 30,819.

*Robert J. McDonald* and *William H. DeParcq,* for relator.

*C. L. Erickson* and *Leo J. Seifert,* for respondent and H. A. Miller.

PER CURIAM.

This is an application to this court for a peremptory writ of *mandamus* to order the district court of Martin county to change the venue of an action there pending to the county of Itasca in this state, on the ground that the convenience of witnesses will thereby be promoted and the expense of the trial be lessened. An order was

[1]Reported in 264 N. W. 128.

made by this court fixing the hearing for November 27, 1935. The matter was submitted upon the records transmitted to this court, the petition for the writ, and the exhibits and affidavits thereto attached, together with answer and demurrer by the respondent and briefs of counsel for each of the parties.

Marvin J. A. Miller and his wife, Florence V. Miller, were residents of Cass county, Minnesota. On May 30, 1935, they were killed in a common disaster at a place near Bovey in Itasca county, this state. They were driving in an automobile on the highway, and the car apparently left the highway and went into a river. Both parties were killed either by accidental injuries or by drowning. The husband had an insurance policy for $5,000 in the New York Life Insurance Company. On May 31, 1935, H. A. Miller, a resident of Fairmont in Martin county, this state, was appointed special administrator of the estate of Marvin J. A. Miller, and on July 26, 1935, he brought an action against the life insurance company to recover on the insurance policy. The beneficiary named in that policy was Florence V. Miller, the wife of Marvin. On August 26, 1935, the relator here, Patrick J. Corcoran, a resident of Minneapolis in Hennepin county, this state, was there appointed administrator of the estate of Florence V. Miller. The New York Life Insurance Company, on being informed that there was a controversy on the question as to which of the administrators the money due on the policy should be paid, made application to the court for permission to pay the money into court and to have Patrick J. Corcoran, the administrator of the estate of Florence V. Miller, substituted in its place as defendant. This was done, and the money due under the policy was paid into court to the clerk of the district court of Martin county, in which court the action was pending. A motion was made in the district court of Martin county to change the venue of the action to Itasca county on the grounds hereinbefore stated, which motion was denied.

The issue to be litigated in the action is the question of survivorship. If the wife, Florence V. Miller, died before the death of her husband, then apparently the insurance money should go to the administrator of the husband's estate. If, on the other hand, the

husband died first, then the money apparently should go to the administrator of the wife's estate.

The accident happened, as stated, in Itasca county, this state. No one saw the accident. The body of the husband was found in the car under water. The body of the wife was found outside of the car in the river about a block farther down the stream, where her clothing had caught on some obstruction. The relator here presents the claim that it would be necessary to go into the question of the circumstances surrounding the finding of the bodies and the car after the accident, that the witnesses resided in Itasca county, and that it would be expensive to bring them from that county to Martin county for trial of the action. Six witnesses are named in the application and affidavits, and some statements are made as to what they will testify to. It is somewhat difficult to see just what bearing some of this evidence has on the question at issue. The coroner of Itasca county did examine the bodies and would appear to be a material witness. Of the other five witnesses, two were mechanics who made some repairs to the automobile after it was removed from the river. What value their evidence would have, if any, does not clearly appear.

The action was properly commenced in Martin county against the insurance company. The plaintiff is a resident of that county, and the defendant is properly suable in that county. Under present conditions of transportation by car, bus, and train, traveling from one place in the state to another is not a great hardship. The relator, as well as his attorneys, is a resident of Minneapolis in Hennepin county and nearer to Martin county than to Itasca county. The plaintiff and his attorneys are residents of Fairmont in Martin county. The trial court held that in the exercise of sound discretion it should not grant the change of venue. We have considered the matter presented here and cannot say that the trial court abused its discretion in refusing to change the venue.

The application for a peremptory writ is denied.